# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

**HECTOR BERARDO RUIZ SOSA,**

Plaintiff,

v.

**UNITED STATES OF AMERICA,**

Defendant.

## COMPLAINT AND JURY DEMAND

**COMES NOW** the Plaintiff, Hector Berardo Ruiz Sosa, by and through his counsel, Gregory A. Gold and Dorothy H. Dean of The Gold Law Firm, LLC, pursuant to 28 U.S.C. §2674, and hereby states, alleges and avers as follows for his Complaint:

### I. PARTIES

1. Plaintiff Hector Berardo Ruiz Sosa (hereinafter "Hector Ruiz" or Plaintiff) was, at the time of the incident at issue, June 30, 2019, a resident of the City of Denver, Denver County, Colorado. He is now a resident of Bogota, Colombia.

2. Defendant, United States of America, acting by and through the United States Department of Interior and its subdivision United States Fish & Wildlife Service, owns and operates the Rocky Mountain Arsenal National Wildlife Refuge in Commerce City, Adams County, Colorado.

3. The United States Department of the Interior is a federal agency of the United States pursuant to 28 U.S.C. §2671.

## II. JURISDICTION AND VENUE

*4.* This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b)(1) and 28 U.S.C. §2671, *et. seq.*

5. Venue is proper in this Court pursuant to 28 U.S.C. §1402(b) and 28 U.S.C. §2671, *et. seq.*

6. On or about September 14, 2020 and again on December 9, 2020, the Plaintiff's claims, in proper form and content and in accordance with federal law, were submitted to the United States Department of the Interior - the applicable federal agency – within two years after the claim accrued.

7. The United States Department of the Interior assigned FTCA Claim number TPB-20-0539 to Plaintiff's claim.

8. On or about March 24, 2021, the United States Department of the Interior, through the Office of the Solicitor General, issued a final denial of the Plaintiff's claims.

9. Pursuant to 28 U.S.C. §2675, the Plaintiff now files this action in the United States District Court following receipt of the letter of final denial from the United States Department of the Interior. This action is now being filed within six months of the issuance of the United States Department of the Interior's final denial.

10. Plaintiff has exhausted his administrative remedies and is entitled to bring this action pursuant to 28 U.S.C. §2675 *et. seq.*

## III. GENERAL ALLEGATIONS

11. Plaintiff incorporates, by this reference, all other paragraphs of this Complaint as if fully set forth herein.

12. On or about Sunday, June 30, 2019, at approximately 8:22 a.m., Hector Ruiz was riding his bicycle east on E 64th Avenue, a paved road, in the Rocky Mountain Arsenal National Wildlife Refuge ("RMANWR").

13. Mr. Ruiz had previously ridden his bicycle on the same road and had seen other bicyclists ride on this road.

14. The property is owned and controlled by the United States Department of the Interior and the United States Fish & Wildlife Service, as part of the property comprising the RMANWR.

15. As is set forth in the Colorado Premises Liability Act, C.R.S. § 13-21-115(1), the United States, acting by and through its federal agencies the United States Department of the Interior and United States Fish & Wildlife Service, is a landowner of this property. As the landowner and entity in possession of the real property, the United States is legally responsible for the condition of the real property and for the activities conducted thereon, and/or for the circumstances existing on the real property.

16. Shortly after Plaintiff began his bicycle ride on the property, he encountered a cattle guard. The front wheel of his bicycle dropped into a groove in the cattle guard crossing, throwing him from the bicycle which caused him serious and life altering injuries including permanent paraplegia which now confines him to a wheelchair.

17. Upon information and belief, the cattle guard had been installed on the property in or about 2010, approximately eight to nine years prior to Plaintiff's accident. The separation between the bars and the rounded top of the bars on the cattle guard created a dangerous condition on the property for any two-wheeled bicycle or motorcycle or for any pedestrian.

3

18. Upon information and belief, the United States Department of the Interior and United States Fish & Wildlife Service had actual or constructive knowledge that the cattle guard created a dangerous condition on the property.

19. Upon information and belief, the United States Department of the Interior and United States Fish & Wildlife Service had actual or constructive knowledge that bicyclists and motorcyclists were riding on the paved road that crossed the cattle guard at issue.

20. The United States Department of the Interior and the United States Fish & Wildlife Service failed to warn individuals, including Plaintiff and other invitees, of the dangerous condition presented by the cattle guard crossing at issue.

21. The United States Department of the Interior and the United States Fish & Wildlife Service's failure to warn against the known dangerous condition on the property was willful or malicious so as to the allow Plaintiff's recovery under the Colorado Premises Liability Act.

22. The United States, acting by and through its federal agencies, owned Plaintiff a statutory duty pursuant to C.R.S. § 13-21-115 to ensure that there were no dangerous conditions on the property it owns.

23. At the time Plaintiff was injured, the United States breached its statutory duty as set forth in C.R.S. § 13-21-115.

24. The cattle guard was a danger condition on the property owned by the United States, acting by and through its federal agencies, the Department of the Interior and the United States Fish & Wildlife Service.

25. The United States, acting by and through its federal agencies, owed a non-delegable duty to ensure that there were no dangerous conditions on its property, particularly on a road known to be used by cars, bicycles, motorcycles and pedestrians.

26. The United States, by and through its federal agencies, knew or should have known of the dangerous condition of the cattle guard existing on its property, that severely injured Plaintiff, and as such is liable for the injuries sustained by Plaintiff.

27. The United States, by and through its federal agencies, failed to exercise reasonable care to protect against dangers of which it actually knew or should have known on its property.

28. At the time Plaintiff Hector Ruiz was injured, he was an "invitee" of the United States as defined by C.R.S. § 13-21-115. Mr. Ruiz entered on the property in response to the landowner's express or implied representation that the public is requested, expected or intended to enter or remain.

29. The United States owned a statutory duty to Hector Ruiz to exercise reasonable care to protect Hector Ruiz from the dangers of which it knew or should have known.

30. The United States unreasonably failed to exercise reasonable care to protect against dangers of which it actually knew or should have known in violation of C.R.S. § 13-21-115.

31. Upon information and belief, the United States acted willfully or maliciously in its failure to warn or protect against dangers of which it actually knew or should have known.

32. As a direct and proximate result of the actions and omissions of the United States, Plaintiff Hector Ruiz was severely injured.

33. Plaintiff Hector Ruiz suffered serious, life altering injuries including, but not limited to:

    a. T5-6 fracture/dislocation;

    b. ASIA A Paraplegia (no motor or sensory function below the level of the injury);

    c. Injuries requiring T2-9 posterior instrumentation;

    d. Fusion with C4-6 laminectomies;

    e. Plaintiff's injuries have left him permanently paralyze and confined to a wheelchair;

    f. Pain and suffering;

    g. Loss of enjoyment of life;

    h. Emotional distress;

    i. Other economic and non-economic damages not yet fully determined;

    j. Past medical expenses in excess of $360,000.00 and future medical expenses to be determined;

    k. Lost income;

    l. Lost earning capacity;

    m. Permanent impairment; and

    n. Permanent disfigurement

34. As the direct and proximate result of the conduct of the United States, Plaintiff Hector Ruiz received injuries and incurred damages and losses in an amount to be determined at trial.

## IV. FIRST CLAIM FOR RELIEF

### Premises liability

35. Plaintiff incorporates, by this reference, all other paragraphs of this Complaint as if more fully set forth herein.

36. With regard to the property on which Plaintiff Hector Ruiz was injured, the United States is a "landowner" as that term is defined in C.R.S. § 13-21-115(1).

37. As a landowner, the United States owed a statutory duty to Hector Ruiz pursuant to C.R.S. § 13-21-115(1).

38. At the time Hector Ruiz was injured, the United States breached its statutory duty to him as set forth in C.R.S. § 13-21-115.

39. At the time Hector Ruiz was injured, he was an "invitee" on the property as that term is defined in C.R.S. § 13-21-115.

40. Upon information and belief, the United States Department of the Interior and United States Fish & Wildlife Service had actual or constructive knowledge that the cattle guard created a dangerous condition on the property.

41. Upon information and belief, the United States Department of the Interior and United States Fish & Wildlife Service had actual or constructive knowledge that bicyclists and motorcyclists were riding on the paved road that crossed the cattle guard at issue.

42. The United States Department of the Interior and the United States Fish & Wildlife Service failed to warn individuals, including Plaintiff and other invitees, of the dangerous condition presented by the cattle guard crossing at issue.

43. The United States Department of the Interior and the United States Fish & Wildlife Service's failure to protect or warn against the known dangerous condition on the property was willful or malicious so as to the allow Plaintiff's recovery under the Colorado Premises Liability Act.

44. The United States, acting by and through its federal agencies, owned Plaintiff a statutory duty pursuant to C.R.S. § 13-21-115 to ensure that there were no dangerous conditions on the property.

45. At the time Plaintiff was injured, the United States breached its statutory duty as set forth in C.R.S. § 13-21-115.

46. The United States is liable to Plaintiff in this action pursuant to C.R.S. § 13-21-115.

47. As a direct and proximate result of it's the United States' breach of its statutory duty to Hector Ruiz, Plaintiff sustained the injuries, damages and losses described herein and in an amount to be proved at trial.

WHEREFORE, Plaintiff prays for relief as follows:

- That Plaintiff be awarded all reasonable damages to make him whole from the injuries, damages and losses suffered as a result of the wrong-doing of the Defendant, including both economic and non-economic damages;

- That Plaintiff be awarded pre and post judgment interest as allowed by law;

- The Plaintiff be awarded reasonable costs and fees for the prosecution of this action as allowed by law;

- The Plaintiff be awarded all other damages and compensation to which he is legally entitled under the facts and circumstances of this case.

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**.

Respectfully submitted this 22nd day of September, 2021.

BY: */s/ Dorothy H. Dean*
Gregory A. Gold, #26064
Dorothy H. Dean, # 13292
The Gold Law Firm, LLC
7375 East Orchard Road, Suite 300
Greenwood Village, CO  80111
Telephone: (303) 694-4653
Fax: (303) 468-6155
Dorothy@thegoldlawfirm.net
Greg@thegoldlawfirm.net
Attorneys for Plaintiff

**Plaintiff's Address:**
Carrera 99 N 68b 14
Alamos Norte
Bogota, Colombia