IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-02562-CMA-NYW

HECTOR BERARDO RUIZ SOSA,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

## ORDER

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant United States of America's ("United States" or "Defendant") Unopposed Motion to Stay Discovery Pending Resolution of Motion to Dismiss ("Motion to Stay" or "Motion") [Doc. 23, filed February 3, 2022]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated September 22, 2021 [Doc. 4], and the Memorandum dated February 3, 2022 [Doc. 24]. After carefully reviewing the Motion, the entire case file, and the applicable case law, I respectfully **GRANT** the Motion to Stay.

## BACKGROUND

Plaintiff Hector Berardo Ruiz Sosa ("Mr. Ruiz Sosa" or "Plaintiff") initiated this action by filing a Complaint on September 21, 2021, asserting a single premises liability claim against the United States for injuries that Mr. Ruiz Sosa sustained while riding his

bicycle at the Rocky Mountain Arsenal National Wildlife Refuge in Commerce City, Colorado. [Doc. 1 at 1].

This action was assigned to the Honorable Christine M. Arguello, and drawn to the undersigned Magistrate Judge. [Doc. 2; Doc. 3]; *see also* [Doc. 4]. On October 1, 2021, the court entered an Order setting the Scheduling Conference for December 13, 2021. [Doc. 5]. On October 26, 2021, Defendant filed an Unopposed Motion to Vacate and Reset Scheduling Conference, [Doc. 10], which the court subsequently granted, thus resetting the Scheduling Conference for February 28, 2022. [Doc. 12].

On December 9, 2021, Mr. Ruiz Sosa filed Plaintiff's First Amended Complaint ("First Amended Complaint) [Doc. 13], which remains the operative pleading in this case. On January 7, 2022, Defendant filed a Motion to Dismiss First Amended Complaint Pursuant to Rule 12(b)(1) ("Motion to Dismiss") [Doc. 18], which Judge Arguello subsequently referred to the undersigned, *see* [Doc. 20]. On January 19, 2022, Mr. Ruiz Sosa sought an extension of time to respond to the Motion to Dismiss, [Doc. 19], which the court granted, [Doc. 22]. Plaintiff's response to the Motion to Dismiss is currently due February 11, 2022. *See* [*id.*]. On February 3, 2022, the United States filed the instant Motion to Stay, seeking to stay discovery pending the court's resolution of the Motion to Dismiss. [Doc. 23 at 1].

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for the stay of proceedings while a motion to dismiss is pending. Instead, Rule 1 instructs that the rules of procedure 'shall be construed and administered to secure the just, speedy, and inexpensive

determination of every action.'" *Sutton v. Everest Nat'l Ins. Co.*, No. 07-cv-00425-WYD-BNB, 2007 WL 1395309, at *1 (D. Colo. May 9, 2007). Nonetheless, when ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Additionally, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, at 198 (3d ed. 2010). But "stays of the normal proceedings of a court matter should be the exception rather than the rule," *Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011), and courts in this District generally disfavor stays, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).

## ANALYSIS

The United States seeks a stay of discovery on the basis that "the discovery rules and obligations only become operative once a court has jurisdiction," and "the Court should first resolve the threshold jurisdictional issues raised in the motion to dismiss before allowing discovery." [Doc. 23 at 1]. Defendant also asserts that the *String Cheese* factors support a stay of discovery. [*Id.* at 1].

***Sovereign Immunity***.  As stated above, Defendant raises sovereign immunity as a jurisdictional challenge in the motion to dismiss, and this defense is primarily one of law. In considering whether a stay pending the resolution of issues of sovereign immunity is warranted, the Tenth Circuit has observed that there is "no logical reason why [the rule precluding discovery before the resolution of a qualified immunity question] should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law." *Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827–28 (10th Cir. 2002) (referring to *Siegert v. Gilley*, 500 U.S. 226, 231 (1991)).  Analogously, the Colorado Governmental Immunity Act contemplates a stay pending the resolution of sovereign immunity issues in actions brought against the State of Colorado.  *See Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL 5561724, at *2 (D. Colo. Feb. 18, 2021) (first citing Colo. Rev. Stat. § 24-10-108 ("If a public entity raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery, except for any discovery necessary to decide the issue of sovereign immunity and shall decide such issue on motion."); then citing Colo. Rev. Stat. § 24-10-118(2.5) (same)).

Against this backdrop, this court concludes that it is appropriate to exercise its discretion in favor of not subjecting Defendant to possibly unnecessary discovery or other pretrial proceedings, until the immunity and jurisdictional questions are resolved.  *See Sandoval v. United States*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, at *2 (D. Colo. Aug. 23, 2011).

***String Cheese Factors***.  In addition, the application of the *String Cheese* factors to the instant action also warrants a stay of discovery.  *See, e.g.*, *Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *3 (D. Colo. Oct. 8, 2019) (granting motion to stay in light of *String Cheese* factors).  I consider each factor in turn.

<u>Factor One</u>.  As to the first *String Cheese* factor, Defendant asserts that Mr. Ruiz Sosa does not oppose the Motion to Stay and he "would be prejudiced if discovery were to proceed only for his claims to be dismissed, in which case Plaintiff would be responsible for fees and costs that could have been avoided had the case been stayed while the motion to dismiss was pending."  [Doc. 23 at 4].  Given that the Motion is filed as unopposed, the court finds the first *String Cheese* factor to be neutral to this court's determination.  *See Herman et al., v. PBIA & CO. et al.*, No. 19-cv-00584-PAB-GPG, 2021 WL 5280487, at *2 (D. Colo. June 10, 2021).

<u>Factor Two</u>.  As to the second *String Cheese* factor, this court finds that it weighs strongly in favor of a stay.  As discussed above, the United States challenges Plaintiff's claim on jurisdictional grounds—namely, sovereign immunity.  *See* [Doc. 18].  Specifically, in the Motion to Dismiss, the United States asserts (1) that "warning and/or protecting against the potential dangers posed by cattle guards are discretionary functions for which Congress has not waived the United States' sovereign immunity" and (2) "the Court lacks subject matter jurisdiction because a private party would not be liable under the facts alleged."  [Doc. 18 at 2]; *see also* [*id.* at 4–18].  These jurisdictional arguments, if granted, would dispose of the issues to be resolved in this litigation.  Indeed, courts in this District "may be more inclined to stay discovery pending the resolution of a

5

Motion to Dismiss impacting immunity or jurisdictional issues." *Clarendon Nat'l. Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019); *see Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."). Accordingly, I find that the second factor weighs strongly in favor of a stay.

Factor Three. As to the third *String Cheese* factor, convenience to the court favors a stay. Although courts in this District have recognized the "inconvenience[ ] [of] an ill-advised stay because the delay in prosecuting the case which results from imposition of a stay makes the Court's docket less predictable and … less manageable," *Arocho v. Nafzinger*, No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008), here Defendant has asserted jurisdictional grounds for dismissal of Plaintiff's First Amended Complaint. *See* [Doc. 18]. Given the arguments raised in the pending dispositive Motion to Dismiss, this court finds that a stay of discovery would conserve judicial resources in that the precise contours of the action—and indeed whether Plaintiff's action survives dismissal at all—would be known before proceeding through discovery. I find that the third factor weighs in favor of granting the stay.

Factors Four and Five. As to the remaining *String Cheese* factors, this court finds that the interests of non-parties and the public are neutral. *See, e.g.*, *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019) ("[T]he general public's primary interest in this case is an efficient and just resolution.").

6

In sum, the circumstances of this action lead this court to conclude that staying discovery pending resolution of Defendant's Motion to Dismiss [Doc. 18] is appropriate. Accordingly, the Motion to Stay is **GRANTED**, and discovery in this matter is hereby **STAYED.**

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)  Defendant's Motion to Stay [Doc. 23] is **GRANTED**;

(2)  Discovery in this matter is **STAYED** pending resolution of the pending Motion to Dismiss [Doc. 18]; and

(3)  Within three (3) business days of the disposition of the pending Motion to Dismiss, to the extent there are any remaining claims, the Parties will CONTACT the chambers of this Magistrate Judge to schedule a Status Conference to discuss set a Scheduling Conference.

DATED:  February 8, 2022

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge